IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. | : |
| d/b/a IOU FINANCIAL, INC | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : CASE NO. 1:19-CV-05470-ELR |
| LICENSE EXPRESS INC. | : |
| d/b/a ALCOHOLIC BEVERAGE | : |
| SERVICES, | : |
| JUDITH PABOR BLANKENSHIP | : |
| a/k/a JUDITH L. BLANKENSHIP, | : |
| MORTGAGE ELECTRONIC | : |
| REGISTRATION SYSTEMS, INC. | : |
| (MERS), | : |
| | : |
| Defendants | : |

## CONSENT JUDGMENT AND DECREE RESOLVING CASE

Plaintiff filed the instant Consent Motion to enter this Consent Judgment and Decree. [Doc. 42]. Having considered the Motion and pertinent portions of the record, the Court finds that an evidentiary hearing is not required. The Court grants the Parites' Consent Motion and this Consent Judgment and Decree is entered, as follows:

Pursuant to 28 U.S.C. § 1332, the Court has jurisdiction over this case. Plaintiff is a citizen of Delaware and Georgia. Defendants License Express Inc. ("LEI") and Judith Blankenship ("Mrs. Blankenship") are citizens of Texas

while MERS is a citizen of Virginia. The amount in controversy exceeds $76,000.00, exclusive of costs, based upon a Promissory Note by LEI to Plaintiff in the original principal sum of $249,500.00, dated April 30, 2019, with a Security Agreement, as well as a Guaranty of the Note executed by Mrs. Blankenship on April 30, 2019. Plaintiff sought declaratory and equitable relief and damages under the Note, Security Agreement and Guaranty in the Amended Complaint [Doc 11], also naming Defendant MERS. Plaintiff, LEI and Mrs. Blankenship agree to entry of this Consent Judgment and Decree to resolve this case as follows:

Defendants LEI and Mrs. Blankenship agree to pay the total sum of $180,000.00, to Plaintiff in 180 weekly payments of $1,000.00, commencing on January 5, 2021, and continuing thereafter, with payments due each Tuesday. The Security Agreement, detailed below, remains in full force and effect as to Defendants LEI and Mrs. Blankenship unless and until the payment obligations of Defendants LEI and Mrs. Blankenship set forth herein are completed in full. Plaintiff waives and withdraws all other claims in the Amended Complaint including other damages, interest, costs and attorney's fees. The Security Agreement states as follows:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from

time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto. [Promissory Note Paragraph 21]

The Security Agreement shall not merge into this Judgment, which remains in effect as to Defendants LEI and Mrs. Blankenship per its above-described collateral, which includes Mrs. Blankenship's residence, 648 South Rivershire Drive, Conroe TX 77304, ID No. R148376, Lot 19, Block 8, Riverside, Section 2, subdivision of

a portion of the Kenneth Hyman Survey, A-249 per plat recorded at Cabinet ZB, Sheet 114, per a Warranty Deed, Montgomery County Inst. No. 2016050233, subject to a Mortgage currently held by MERS for $167,200.00 and styled as Instrument. No. 2016050234 (Residence).

Plaintiff shall not enforce this Judgment and Decree based upon compliance with the above terms by Defendants LEI and Mrs. Blankenship. If Defendants LEI and Mrs. Blankenship fail to remit any weekly payments as set forth in this Judgment and Decree, Plaintiff at its option may enforce this Judgment and Decree, with Defendants LEI and Mrs. Blankenship being given credit for all payments made by them since inception of the Loan and as set forth in this Judgment and Decree.

Upon completion of all payment obligations as set forth in this Judgment and Decree by Defendants LEI and Mrs. Blankenship, they are released and discharged from any further obligation on this debt and this Judgment and Decree will be marked as satisfied and forever discharged. Plaintiff shall mark as satisfied all other documents, agreements, security agreements, and liens memorializing and/or securing the subject loan, including the Security Agreement.

The Court finds that by their signatures and/or through counsel, Plaintiff and Defendants LEI and Mrs. Blankenship agree and consent to entry of this Judgment

and Decree to resolve this case between them. [See Doc. 42-1]. Plaintiff withdraws its other claims as to all other Defendants, such as MERS, which are dismissed from this case.

Accordingly, the Court **ENTERS JUDGMENT** against Defendants LEI and Mrs. Blankenship as set forth in this Judgment and Decree. All other claims and parties are dismissed. All motions are terminated. [Doc. 42]. The Court retains jurisdiction to enforce this Judgment and Decree in accordance with these terms, which is a final order. Finally, the Court **DIRECTS** the Clerk to close this case.

**SO ORDERED**, this 3rd day of December, 2020.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Court Judge
Northern District of Georgia